For several years prior to the month of September, 1946, Mr. and Mrs. V. D'Ingianni were tenants under a written lease, occupying the furnished premises, No. 2509 Joseph Street, New Orleans, which until sold on April 22, 1946 to Samuel and Edward Schneider, belonged to Mrs. Irene R. Pomes. Mrs. D'Ingianni, as the agent of her husband, executed a written lease commencing on February 1, 1946, and also executed monthly rent notes for $100 each, payable on the first day of each month.
When the Messrs. Schneider purchased the property in April, 1946, all the rights and obligations under the lease and the rent notes themselves were transferred to them by Mrs. Pomes, and thereafter Mr. and Mrs. D'Ingianni paid each rent note as it matured to the Messrs. Schneider.
The Schneiders bought the property for their own occupancy and, immediately on acquiring title, took steps to obtain from the Rent Control Office of the Federal Office of Price Administration the necessary certificate of authority to commence proceedings to obtain occupancy. When the necessary certificate was issued, it authorized them to commence ejectment proceedings not sooner than October 8, 1946. They were anxious to obtain possession as soon as possible and Mr. Samuel Schneider, who apparently managed the affairs of himself and his brother, so far as this building is concerned, communicated to Mr. and Mrs. D'Ingianni their desire to obtain possession as soon as possible and asked if Mr. and Mrs. D'Ingianni would not be willing to vacate the premises voluntarily prior to the commencement of ejectment proceedings, which could not be commenced until October 8, 1946.
Mr. and Mrs. D'Ingianni agreed to do so but could not set any specific date by which *Page 780 
they could vacate. Later, however, they fixed August 15th as the date on which they could move out of the premises, but they were unable to do so and postponed their departure, saying that they would leave on September 1, 1946. On September 1st they were unable to move because of difficulties in obtaining the services of movers over the Labor Day week-end but on September 3rd they did vacate the premises.
During the last month or two of the occupancy by Mr. and Mrs. D'Ingianni, the Schneider brothers sent several contractors to make estimates as to the cost of altering and repairing the property as they desired to install an attic fan, to fix the floors, to paint the building and to do other similar work. In this way and others the Schneider brothers indicated their extreme desire to obtain the premises at once, and, in fact, they both testified that they were anxious to get the place immediately.
On September 3rd, when Mr. and Mrs. D'Ingianni were moving, both the Schneider brothers were present and were told that the moving would be completed either that day or the next.
Several days after Mr. and Mrs. D'Ingianni had moved out, the Schneider brothers, through their attorney, made demand for payment of the rent note for $100 which, by its terms, had become due on September 1st, and when payment was refused, they filed this suit. They asked for judgment for the full amount of the note together with interest and attorney's fees. Mr. and Mrs. D'Ingianni admitted liability for the three days in September during which they occupied the premises, and they fixed this amount at $10, being 10 per cent of the amount which would have been due for the entire month.
They then took the position of plaintiffs in reconvention and demanded $13.32 as the amount which they had expended in repairing the refrigerator which formed part of the furniture of the property. They alleged that these repairs had been made on or about May 16, 1945, and that they had been made by agreement with Mrs. Pomes, the former owner of the property.
The matter went to trial and there was judgment in favor of Samuel and Edward Schneider for $100, together with 5% interest from judicial demand and 10% of the total amount as attorney's fees. The reconventional demand of Mr. and Mrs. D'Ingianni was dismissed. They have appealed.
[1] The theory of counsel for plaintiffs is that Mr. and Mrs. D'Ingianni are liable for the rent for the entire month of September because they moved out of the property voluntarily. Counsel contends that because the Schneider brothers informed Mr. and Mrs. D'Ingianni that they could not compel them to move and merely said that they would appreciate it if the D'Ingiannis did move, the departure of Mr. and Mrs. D'Ingianni was purely voluntary, and that therefore they are liable for rent for the entire unexpired term of the lease.
We cannot agree with this contention. The record overwhelmingly shows that the Schneider brothers communicated with Mr. and Mrs. D'Ingianni their desire to obtain the property immediately, and asked that the D'Ingiannis move out as soon as they could possibly do so. Under such circumstances the tenants were justified in assuming that the Schneiders would not attempt to collect rent for the unexpired portion of the month of September during which the property was not occupied by them. Since the Schneider brothers had secured the rent notes they would have had the right to waive this rent, and they unquestionably did so. There is no justification whatever for their demand that they be paid rent for that portion of the month of September during which the property, at their request, was not occupied by Mr. and Mrs. D'Ingianni.
[2] When we come to consider the claim of Mr. and Mrs. D'Ingianni in reconvention, we find that the record does not justify a judgment in their favor. In the first place, their allegation is that the repairs to the refrigerator were made during May 1945, and that they were authorized by Mrs. Pomes, the former lessor. Counsel and Mr. and Mrs. D'Ingianni say that this was a mistake and that the repairs were really authorized in May, 1946, by the Messrs. Schneider. The Messrs. Schneider deny absolutely that they gave any such *Page 781 
authority. The lease itself provides that all repairs are to be made by the tenants. We cannot see from this record that there is any right in Mr. and Mrs. D'Ingianni to recover from the Schneider brothers the amount which the D'Ingiannis paid to repair the refrigerator.
Since the premises were occupied for only three days in September at the rate of $100 per month, there is liability for only 10% of the total amount of the rent which would have been due. The judgment should have been for $10 in favor of the Messrs. Schneider on the main demand. Insofar as it dismissed the reconventional demand, the judgment appealed from is correct.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by the reduction of the amount thereof to $10, together with interest at 5% from judicial demand, plaintiffs to pay costs of appeal. All other costs to be paid by Mr. and Mrs. D'Ingianni. As amended, the judgment is affirmed.
Amended and affirmed.